UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:                                         )
                                               )
Ashley McDonald McGhee,                        )    Case No. 13-10160 C-7G
                                               )
       Debtor.                                 )

## MEMORANDUM OPINION

This case came before the court on September 3, 2013, for hearing on a motion to dismiss this case pursuant to section 707(b) of the Bankruptcy Code filed by the United States Bankruptcy Administrator ("BA"). Robert E. Price, Jr. appeared on behalf of the BA and Phillip E. Bolton appeared on behalf of the Debtor. Having considered the evidence and arguments of counsel, the court makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52 of the Federal Rules of Civil Procedure.

The basis for the BA's motion is that the granting of relief in this case would be an abuse of the provisions of Chapter 7. The first issue raised by the BA's motion is whether the court must presume that such abuse exists in this case pursuant to section 707(b)(2)(A)(I). The answer to this issue depends upon whether the debtors' current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv) of section 707(b)(2)(A), and multiplied by 60, is not less than the lesser of 25% of the nonpriority unsecured claims in the case, or $6,575, whichever is greater, or $10,950.

Under the Form B22A filed by the Debtor, she shows negative monthly disposable income on Line 50 of $94.01. In arriving at this figure, the Debtor claimed a deduction of $1,258 on Line 20B of the B22A. Line 20A is where the non-mortgage expense portion of the Local Standards for housing may be claimed, while Line 20B is where the mortgage/rent portion of Local Standards for

housing may be claimed. Although the Debtor claimed the mortgage/rent portion of the Local Standards, it is undisputed that the residence in which the Debtor resides is owned solely by her non-filing spouse and that he alone makes the monthly payments on the mortgage that encumbers the residence. Relying upon the decision of the Supreme Court in <u>Ransom v. FIA Card Servs., N.A.</u>[1], the BA objects to the $1,258 deduction on Line 20B on the grounds that since the Debtor does not make a mortgage or rent payment, the $1,258 deduction is not "applicable" and may not be claimed by the Debtor. In <u>Ransom</u>, the question was whether, under the means test of section 707(b)(2), a debtor who does not make loan or lease payments on the debtor's automobile may claim the deduction for vehicle-ownership costs. 131 S.Ct. at 723. Although claiming an ownership deduction for his automobile, the debtor in <u>Ransom</u> did not actually make a lease or loan payment on his automobile. <u>Id.</u> In disallowing the deduction, the Court held that the deduction allowed under the means test for the ownership costs of a motor vehicle is applicable only to actual loan and lease payments and that the debtor was not entitled to the deduction because he owned his automobile free from any debt. <u>Id.</u> at 730. The BA argues that even though the <u>Ransom</u> decision involved the portion of the Local Standards related to the ownership or lease of a motor vehicle, the reasoning of the Court in <u>Ransom</u> in disallowing such a deduction where a debtor does not have a loan or lease payment on his or her automobile is applicable in this case. The same issue raised by the BA's objection was before the court in <u>In re Sturm</u>, 483 B.R. 312 (Bankr. N.D. Ohio 2012). After carefully analyzing the language in <u>Ransom</u>, the court concluded in <u>Sturm</u> that the legal reasoning of the Court in <u>Ransom</u> could be extended to a situation involving the mortgage/rent deduction. In concluding that the word "applicable" as used in section 707(b)(2)(A)(ii)(I) should be applied in the

---

[1]562 U.S. ___, 131 S.Ct. 716, 178 L.Ed.2d 603 (2011).

same manner whether the deduction involves the ownership cost of a motor vehicle or the mortgage/rent component of the housing allowance, the court stated:

> To conclude otherwise would require this Court to afford the term "applicable" as used [in] § 707(b)(2)(A)(ii)(A) a different meaning, dependent upon whether, under the Local Standards, a deduction was being utilized for the cost of acquiring a residence or, instead, was being utilized as deduction attributable to the cost to own a vehicle. There is nothing in the Court's decision in Ransom to suggest that such a distinction should be made or that the Court's holding in Ransom should be given such a narrow reading. To the contrary, the Court in Ransom supported its decision by reference to other supporting principles which apply regardless of whether one is addressing the ownership/acquisition costs (or lack thereof) of a vehicle or a residence.

Sturm, 483 B.R. at 324. See also In re Toxvard, 485 B.R. 423, 438 (Bankr. D. Colo. 2013)(stating that Ransom "squarely applies to the facts before the Court because the Debtor does not own the Langmont Property or make payments against the mortgages" and then stating "how, in light of Ransom, would the Debtor be permitted to take the IRS standard deduction for a home mortgage?").

This court is satisfied that the decisions in Sturm and Toxvard represent a correct reading and application of the Ransom decision and, accordingly, this court concludes that the Debtor in this case is not entitled to claim the $1,258 deduction listed on Line 22B of her B22A because she does not own the real property where she resides and does not make the mortgage payments related to the property. The disallowance of the $1,258 deduction on Line 22B means that the Debtor's correct current monthly income actually is $1,163.99 instead of a negative $94.01. The Debtor's 60-month income figure therefore is $69,839.40 for purposes of the section 707(b)(2)(A)(i) computation. According to the Debtor's Schedule F, her nonpriority unsecured debts total $89,645, which means that the figure to use in determining whether there is a presumption of abuse is $11,725 since 25 percent of the Debtor's nonpriority unsecured debts, i.e., $22,411.25, is greater than $7,025 and

$11,725 is less than $22,411.25. Since the Debtor's 60-month disposable income under section 707(b)(2)(A)(i) is not below the $11,725 figure specified in section 707(b)(2)(A)(i)(II), the presumption of abuse under section 707(b)(2) arises.

Under section 707(b)(2)(B)(i), the presumption of abuse "may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative." The Debtor offered no evidence of any such circumstances. It follows that this case should be dismissed pursuant to section 707(b) of the Bankruptcy Code. An order so providing is being entered contemporaneously with the filing of this memorandum opinion pursuant to Rule 7058 of the Federal Rules of Bankruptcy Procedure.

This 18th day of September, 2013.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge